IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH S. MOORE, individually and as Trustee of the Joseph S. Moore and Kathryn Moore Revocable Trust, Dated May 20, 1994, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:10-CV-94 |
| WELLS FARGO BANK, N.A., *et al.*, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of the "Defendants Wells Fargo Bank, N.A., Southeast Home Mortgage, LLC, and Vicki L. Williams' Partial Motion to Dismiss" [doc. 14] and the "Partial Motion to Dismiss and for Judgment on the Pleadings" filed by defendants, Valuation Information Technology, LLC and Jim L. Pemberton, Jr., [doc. 16]. Plaintiff has filed a response to both motions [doc. 19], and defendants, Wells Fargo Bank, N.A., Southeast Home Mortgage, LLC, and Vicki L. Williams ("Mortgage Defendants"), have submitted a reply [doc. 25]. Also before the court is plaintiff's "Motion for Leave to Amend Complaint" [doc. 20], to which the Mortgage Defendants have filed a response in opposition [doc. 26].

I.

*Background*

This civil action concerns the purchase by plaintiff of residential property in Rockwood, Tennessee. The closing on the sale for the subject property occurred on January 22, 2007. Plaintiff filed this civil action on January 22, 2010.

Plaintiff alleges in his complaint that the defendants conspired to inflate the appraisal value of the house he was purchasing, causing him to purchase the property at an inflated price and pay interest on the overpayment. Plaintiff has filed suit raising multiple claims against various defendants. The claims presently before the court on motions to dismiss are brought pursuant to the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101, *et seq.* and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1601, *et seq.*[1]

II.

*Standard of Review*

Defendants' dispositive motions are brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the

---

[1] The Mortgage Defendants' motion also addresses plaintiff's claims for breach of fiduciary duty. In his response, plaintiff concedes that he is not asserting a claim for breach of fiduciary duty against these defendants. Therefore, the court will not address this issue.

2

court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

In addressing a motion under Rule 12(b)(6), the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Gee*

3

*v. UnumProvident Corp.*, No. 1:03-CV-147, MDL 1:03-MD-1552, 2005 WL 534873, at *7 (E.D. Tenn. Jan. 13, 2005) ("[I]f documents are attached to, incorporated by, or specifically referred to in the complaint, they are considered part of the complaint and the Court may consider them.") (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

III.

*Analysis*

**Defendants' Motions to Dismiss**

TCPA Claim

The motion to dismiss filed by defendants, Valuation Information Technology, LLC ("VIT") and Jim L. Pemberton, [doc. 16] seeks dismissal only of the TCPA claim. In their motion, VIT and Pemberton adopt the arguments made by the Mortgage Defendants in their motion to dismiss and supporting memorandum concerning dismissal of the TCPA claim based on the statute of limitations.

The statute of limitations for claims brought pursuant to the TCPA is codified at Tenn. Code Ann. § 47-18-110 and states in pertinent part: "Any action commenced pursuant to [the TCPA] shall be brought within one (1) year from a person's discovery of the unlawful act or practice. . . ." *Leonard v Leo's Exterminating Servs., Inc.*, No. E2009-01398-COA-R3-CV, 2010 WL 2134145, at *12 (Tenn. Ct. App. May 27, 2010). The Tennessee

Court of Appeals in *Schmank v. Sonic Auto., Inc.*, No. E2007-01857-COA-R3-CV, 2008 WL 2078076 (Tenn. Ct. App. May 16, 2008) explained that the inclusion of the word "discovery" incorporates the discovery rule into the TCPA. "[T]he Tennessee legislature has determined that a plaintiff's TCPA claim accrues at time of the 'discovery of the unlawful act or practice,' thereby making applicable the 'discovery rule' first applied over thirty year ago. . . ." *Id*. at *2 (citations omitted). The *Schmank* court noted that the Tennessee Supreme Court had recently restated the discovery rule, which it quoted as follows:

> It is now well-established that, where applicable, the discovery rule is an equitable exception that tolls the running of the statute of limitations until the plaintiff knows, *or in the exercise of reasonable care and diligence, should know that an injury has been sustained*. The discovery rule does not, however, toll the statute of limitations until the plaintiff *actually knows that he or she has a cause of action. The plaintiff is deemed to have discovered the right of action when the plaintiff becomes aware of facts sufficient to put a reasonable person on notice that he or she has suffered an injury as a result of the defendants wrongful conduct.* Were statutes of limitations strictly applied, plaintiffs would be required to sue "to vindicate a non-existent wrong, at a time when the injury is unknown and unknowable." The discovery rule is intended to prevent the inequity such a strict application of the rule would produce.

*Id*. at *2-3(quoting *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 621 (Tenn. 2002) (emphasis added))(internal citations omitted).

In general, application of the discovery rule is a fact question for the jury to decide. *Id*. at *3; *see also Fortune v. Unum Life Ins. Co.*, No. W2009-01395-COA-R3-CV, 2010 WL 3984705, at *10 (Tenn. Ct. App. Oct. 12, 2010) (citing *Id.*).

5

> However, where the undisputed facts demonstrate that no reasonable trier of fact could conclude that a plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that he or she was injured as a result of the defendant's wrongful conduct, Tennessee case law has established that judgment on the pleadings or dismissal of the complaint is appropriate.

*Schmank*, 2008 WL 2078076, at *3.

Defendants contend that the statute of limitations has run on plaintiff's TCPA claim because he should have known at the closing on January 22, 2007, about the problems with the appraisal. They argue that the complaint refers to plaintiff's desire to perform his own "due diligence" to investigate the property so he was aware of the alleged "deceptive" conduct prior to the closing. They also contend that plaintiff filed a complaint with the Tennessee Department of Commerce and Insurance Real Estate Appraiser Commission, case No. L08-APP-RBS-2008025151. From the case number, the defendants conclude that plaintiff filed his complaint in 2008 and therefore he knew of his injury more than one year before he filed this complaint on January 22, 2010.

Defendants' contention that the case number for plaintiff's Commission complaint reflects the year of filing is quite plausible and likely correct. However, there is nothing in the record to substantiate their theory that this is how the Commission numbers complaint filings.[2] In addition, the references in the civil complaint to plaintiff performing

---

[2] In their reply, the Mortgage Defendants include the text of an email which they readily admit is inadmissible; nevertheless they included it within the text of their brief. The court considers it inappropriate for parties to color the court's vision by referencing materials that are not properly before the court in an effort to advance their position. Defendants also represent that the email is

6

"due diligence" do not definitively establish that he knew or should have known of his injury prior to or no later than the date of closing. At a minimum, the record as it currently exists presents factual issues as to when the plaintiff discovered his injury under the TCPA.

However, the appraisal by Pemberton is a main focal piece of plaintiff's TCPA claim against the moving defendants. They can pursue this issue again with a properly documented motion for summary judgment.

ECOA Claim

The Mortgage Defendants have moved to dismiss plaintiff's ECOA claim on the grounds that it is time barred and that plaintiff has not stated a claim for relief under the statute.

**Statute of Limitations**

Claims brought under the ECOA are subject to a two-year statute of limitations as set forth in the statute, which states in pertinent part that "[n]o such action shall be brought later than two years from the date of the occurrence of the violation." 15 U.S.C. § 1691e(f). In *Mays v. Buckeye Rural Elec. Co-Op, Inc.*, 277 F.3d 873 (6th Cir. 2002), the Sixth Circuit commented on the application of the statute of limitations as follows:

> Claims under the ECOA and its implementing regulations are subject to a two-year statute of limitations. 15 U.S.C. § 1691e(f). Courts construing the ECOA's limitations period have concentrated their attention on the discriminatory conduct

---

attached to their brief. However, it is not.

7

> giving rise to a statutory or regulatory claim. *See, e.g.*, *Ramsdell v. Bowles*, 64 F.3d 5, 9 (1st Cir. 1995); *Farrell v. Bank of N.H.-Portsmouth*, 929 F.2d 871, 873-74 (1st Cir. 1991); *Riggs Nat'l Bank of Wash., D.C. v. Webster*, 832 F. Supp. 147, 151 (D. Md. 1993); *Stern v. Espirito Santo Bank of Fla.*, 791 F. Supp. 865, 868-69 (S.D. Fla. 1002). The general thrust of these cases, as stated by the Supreme Court of Iowa, is: "The statute's focus is upon the time of discriminatory actions, not at the time at which the consequences of the action become painful." *Marine Am. State Bank of Bloomington, Ill. v. Lincoln*, 433 N.W.2d 709, 712 (Iowa 1988) (citing cases interpreting federal employment discrimination laws).

*Id*, at 879. Thus, the statute of limitations begins to run at the time the violation occurs. "Therefore, the federal discovery rule, which provides that the statute of limitations does not begin to run until the Plaintiff knew or should have know of the injury, does not apply to ECOA claims." *Beard v. Dominion Homes Fin. Servs., Inc.*, No. 2:06-cv-00137, 2007 WL 2137944, at *2 (S.D. Ohio July 23, 2007) (citations omitted).

Plaintiff's ECOA claim is based upon the Mortgage Defendants' failure to provide him upon request with a copy of the appraisal of the property he was purchasing, which he alleges is a violation of 15 U.S.C. § 1691(e). That provision provides in pertinent part:

> Each creditor shall promptly furnish an applicant, upon written request by the applicant made within a reasonable period of time of the application, a copy of the appraisal report used in connection with the applicant's application for a loan that is or would have been secured by a lien on residential real property.

Plaintiff alleges in the complaint at ¶ 101, "On behalf of Southeast and Wells Fargo, Williams refused to provide Plaintiff with a copy of the Second Appraisal until the closing

8

of the loan." The closing occurred on January 22, 2007. Complaint, ¶ 62.

Plaintiff's statement in ¶ 101 directly indicates that he received an appraisal at the closing. No other conclusion can be reached. Even if plaintiff attempts to argue otherwise, he clearly is complaining that prior to January 22, 2007, he was not provided with the appraisal, the act which he contends is a violation of the ECOA. As noted above, the statute of limitations begins to run when the alleged violation occurs. *Mays*, 277 F.3d at 879. Thus, plaintiff's complaints of not being provided with a copy of the appraisal occurred and accrued at least prior to January 22, 2007, the date of the closing. The complaint in this case was not filed until January 22, 2010, three years after the closing. The discovery rule does not apply to the EOCA, so plaintiff had two years from the time he was not provided with the appraisal to file his claim. He did not do that, and the claim is time barred. Therefore, the Mortgage Defendants' motion will be granted on this basis, and plaintiff's ECOA claim will be dismissed.

**Failure to State a Claim**

The Mortgage Defendants further contend that plaintiff has also failed to state a claim under the ECOA. They argue plaintiff has not alleged any discriminatory intent nor has he alleged facts that state a claim under the statute.

"The ECOA was originally enacted in 1974 to prohibit discrimination in credit

9

transactions." *Williams v. MBNA Am. Bank, N.A.*, 538 F. Supp. 2d 1015, 1018 (E.D. Mich. 2008) (citing *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 975 (7th Cir. 2004)). The Act "bars discrimination by creditors against any credit applicant 'with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status.'" *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 771 (6th Cir. 2005) (citing 15 U.S.C. 1691(a)(1) ("The ECOA's purpose is to 'eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit'") (quoting *Mays*, 277 F.3d at 876).

In 1976, the statute was amended to include written notice requirements that required creditors to give "written notice of the specific reasons why an adverse action was taken against a consumer." *Williams*, 538 F. Supp. 2d at 1018 (citing *Fischl v. Gen. Motors Acceptance Corp.*, 708 F.2d 143 (5th Cir. 1983); 15 U.S.C. § 1691(d)(2). The "ECOA's notice provisions apply to all loan applicants, not only those who claim to have been denied credit due to discrimination." *Williams*, 538 F. Supp. 2d at 1019 (citing *Jochum v. Pico Credit Corp. of Westbank*, 730 F.2d 1041, 1043 n.3 (5th Cir. 1984) (finding that the plaintiffs did not need to state a claim of discrimination to assert a cognizable claim under § 1691(d)); *see also Polis v. Am. Liberty Fin., Inc.*, 237 F. Supp. 2d 681, 688 (S.D. W.Va. 2002) (Plaintiffs do not need to allege membership in protected class to state a claim under § 1691(d)(1) because that section requires notice of adverse actions to all consumers, not just those belonging to protected class); *Rayburn v. Car Credit Ctr. Corp.*, No. 00 C 3361, 2000

WL 1508238, at *3 (N.D. Ill. Oct. 10, 2000) ("Section 1691(d) sets forth a notification requirement separate and apart from the statute's discrimination provisions.").

The statute's discrimination provisions are found in § 1691(a) which states:

It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction - -

(1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
(2) because all or part of the applicant's income derives from any public assistance program; or
(3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a).

Plaintiff makes no allegation that he has been discriminated against based upon his membership in a protected class or his income status. In his response, however, he attempts to argue that he was discriminated against under subsection (a)(3) because he exercised his right to request an appraisal. This argument fails.

"The legislative history of the Act indicates that § 1691(a)(3) was 'intended to bar retaliatory credit denials or terminations against applicants who exercise their rights under any part of the Consumer Credit Protection Act. . . .'" *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998) (citing Equal Credit Opportunity Act Amendments of 1976, Pub.L. No. 94-239, 1976 U.S.C.C.A.N. 403, 407). Since subsection (a)(3) involves a retaliation claim, plaintiff must show that he suffered an adverse credit action. *Lewis*, 135 F.3d at 406. An "adverse action" as defined by the ECOA is:

11

> a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

*Id*. (citing 15 U.S.C. § 1691(d)(6)).

The complaint does not contain allegation of retaliatory conduct involving the Mortgage Defendants or allegations that involve any adverse credit action being taken against the plaintiff because he asked for an appraisal. Nor does the motion to amend the complaint attempt to allege any such facts. Thus, plaintiff's effort to craft a claim based on § 1691(a)(3) fails.

Plaintiff also contends that he can state a claim based upon § 1691(e) without alleging that defendants' failure to provide the appraisal was the result of discrimination. The Mortgage Defendants argue that discrimination must be alleged to maintain such a claim and rely on *Wiltshire v. Dhanraj*, 421 F. Supp. 2d 544 (E.D. N. Y. 2005). After quoting from the discrimination provision of the ECOA, § 1691(a), the district court in *Wiltshire* stated, "Plaintiffs have alleged only that the[y] were not furnished with the appraisal report as required by statute. Plaintiffs make no allegation that defendants failure to furnish them with the appraisal report was the result of discrimination." *Id*. at 557.

Section 1691(e) was added to the Act in 1991, after the addition of the notice provisions in § 1691(d) that apply to all creditors and applicants, without the requirement

12

to show discrimination to state a claim. The language of subsection (e) as set out above refers to "Each creditor" and individual applicants and applications. The provision makes no reference to discriminatory conduct or protected classes. Arguably, this provision, like subsection (d), applies to all creditors and applicants, not just applicants who are members of a protected class. However, there is a dearth of authority addressing this section of the Act, and the court was unable to find any interpretive authority other than the *Wiltshire* case. Nevertheless, even if plaintiff could state a claim under § 1691(e) without alleging discrimination, it is of no consequence in this case because the claim would be time barred. As discussed above, plaintiff did not bring this case within two years of the time in which defendants failed to provide him with the appraisal of the subject property.

**Plaintiff's Motion To Amend Complaint**

Also before the court is a motion to amend the complaint that is opposed by the Mortgage Defendants.

Rule 15(a) of the Federal Rules Civil Procedure provides that leave to amend "should [be] freely give[n] when justice so requires." It is within the district court's discretion to deny a motion to amend a complaint. *See Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 833 (6th Cir. 1999); *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). The Sixth Circuit has identified the factors the court should consider when deciding whether to grant a motion to amend.

13

> Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.

*Coe*, 161 F.3d at 341 (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)) ; *see also, Foman v. Davis,* 371 U.S. 178, 182 (1962). Delay alone is not sufficient to deny a motion to amend. *Coe*, 161 F.3d at 341. "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Coe*, 161 F.3d at 341-42 (citing *Brooks*, 39 F.3d at130). "To deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent." *Siegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (quotation marks and citation omitted). "While leave to amend under Fed. R. Civ. P. 15(a) is liberal, it does not permit amendments that are futile." *Ford Motor Co. v. Ross,* 129 F. Supp. 2d 1070, 1074 (E.D. Mich. 2001) (citing *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999).

In their response, the Mortgage Defendants point out that plaintiff did not comply with Local Rule 15.1 and submit with the motion to amend a copy of the proposed amended pleading, in this case the proposed amended complaint. Even after this fact was pointed out by defendants, plaintiff has yet to comply with the local rule and has never provided a copy of the proposed amended complaint.

While failure to provide a copy of the proposed pleading is not grounds under

14

the court's local rule for denying the motion to amend, in this case it is a strong reason for denial. Plaintiff's motion to amend the complaint was clearly filed as a response to the defendants' motions to dismiss, as it was filed approximately two weeks after the dispositive motions, and it contains broad statements that allegedly will defeat the motions. Under such a circumstance, the court must see the proposed amended complaint, with the specific facts and allegations plaintiff intends to rely on, before a decision can be made to allow the amendment. The rulings set forth in this opinion are an additional basis for denying the motion at this time. Accordingly, plaintiff's motion to amend will be denied.

IV.

*Conclusion*

For the reasons stated above, the Mortgage Defendants' motion to dismiss will be granted in part and denied in part. The motion will be granted to the extent it seeks dismissal as to the ECOA claim and denied to the extent it seeks dismissal of the TCPA claim. The motion to dismiss filed by VIT and Pemberton will be denied. Plaintiff's motion to amend the complaint will be denied. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge